IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth E. Godawa and Patricia A. Godawa, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:16-1101-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| Dixie Camper Sales of S.C., Inc., EverGreen Recreational Vehicles, LLC, and Lippert Components Manufacturing, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendant Lippert Components Manufacturing, Inc.'s ("Lippert") motion to dismiss, or in the alternative, motion for summary judgment, and Plaintiffs Kenneth E. Godawa and Patricia A. Godawa's (collectively, "the Godawas") motion to remand. After a thorough review, the court denies the Godawas' motion to remand and grants Lippert's motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of an allegedly defective travel trailer purchased by the Godawas from Defendant Dixie Camper Sales of S.C., Inc. ("Dixie") on or about May 25, 2012. (Am. Compl. ¶ 6, ECF No. 1-1.) The Godawas allege that Defendant Evergreen Recreational Vehicles, LLC ("EverGreen") manufactured the travel trailer, and that Lippert designed, manufactured, and supplied a malfunctioning component of the travel trailer. (Id. ¶¶ 9, 24, ECF No. 1-1.) The alleged defective component is the slide mechanism, responsible for expanding the travel trailer for additional living quarters. (Id. ¶ 9, ECF No. 1-1; Pl. Mem. Opp'n Mot.

1

Dismiss 2, ECF No. 13.)  While the Godawas plead six causes of action against the Defendants collectively, the four specific causes of action against Lippert are:  (1) breach of the implied warranty of merchantability, in violation of S.C. Code Ann. § 36-2-314; (2) breach of the implied warranty of fitness for a particular purpose, in violation of  S.C. Code Ann. § 36-2-315; (3) a violation of the Magnuson-Moss Warranty Act ("MMWA"), pursuant to 15 U.S.C. § 2301 et seq.; and (4) negligence.  (Am. Compl., generally, ECF No. 1-1.)

The Godawas filed their first amended complaint on March 9, 2016, in the Greenville County, South Carolina, Court of Common Pleas.  (Id., ECF No. 1-1.)  This action was removed by Lippert on April 8, 2016.  (Not. Rem. Ex. 1 (Am. Compl.), ECF No. 1-1.)  On April 15, 2016, Lippert filed the instant motion to dismiss, or in the alternative, motion for summary judgment.  (Def. Mot. Dismiss, ECF No. 8.)  On April 22, 2016, the Godawas filed the instant motion to remand.  (Pl. Mot. Remand, ECF No. 11.)  The Godawas responded in opposition to the motion to dismiss on April 29, 2016.  (Pl. Resp. Opp'n Mot. Dismiss, ECF No. 13.)  On May 9, 2016, Lippert replied.  (Def. Reply Supp. Mot. Dismiss, ECF No. 15.)  Lippert also responded in opposition to the motion to remand on May 20, 2016.  (Def. Resp. Opp'n Mot. Remand, ECF No. 21.)  This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Motion to Remand

Generally, "[a] defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441).  The MMWA creates a federal private cause of action under certain circumstances.  See 15 U.S.C. § 2310(d)(1).  A non-class action

claim under the MMWA may be brought in federal court if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The Fourth Circuit has declined to adopt a precise standard on a motion to remand for determining the value of unspecified damages claims. Rota v. Consol. Coal Co., No. 98-1807, 1999 WL 183873, at *1 n.4 (4th Cir. Apr. 5, 1999) (unpublished).

The critical inquiry on the instant motion to remand is whether the amount in controversy threshold has been met.[1] The Godawas allege they have sustained or will sustain the following damages:

> (a) the travel trailer has been rendered unusable and substantially impaired its value to Plaintiffs and as a whole [sic]; (b) Plaintiffs have lost the value of the trailer and it has essentially been rendered a total loss as well as loss of use of the camper; (c) Plaintiffs have lost camping deposits; (d) Plaintiffs have incurred out of pocket expenses; (e) Attorneys fees and costs allowed by statute; and (f) in such other and further ways as discovery and trial may prove.

(Am. Compl. ¶¶ 25, 45, ECF No. 1-1.) The Godawas listed only one specific damages amount in the complaint, $44,759.00, which is the total purchase price of the travel trailer that the Godawas are seeking to fully recover. (Id. ¶ 6, ECF No. 1-1; Pl. Mot. Remand ¶ 6, ECF No.

---

[1] While not necessary to the ultimate outcome, the court notes that "[t]he aggregate amount in controversy . . . is not computed on the basis of pendent state law claims." Misel v. Mazda Motor of Am., Inc., No. 10-218, 2011 WL 1111735, at *1 (4th Cir. Mar. 28, 2011) (unpublished). Likewise, punitive damages cannot be used in the computation for this particular case. Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) (finding state law governs the availability of punitive damages under the MMWA); Rhodes v. McDonald, 548 S.E.2d 220, 221-23 (S.C. Ct. App. 2001) (rejecting claims for punitive damages in breach of warranty cases). Therefore, the court will only consider the claims for non-punitive damages under the Godawas' MMWA cause of action.

11.) However, the Godawas further allege damages for the lost use of their travel trailer for a three-year period, (Am. Compl. ¶¶ 6-23, ECF No. 1-1), and out-of-pocket expenses including: (1) four alleged repair attempts (Id. ¶¶ 8-10, 14, 17, 21, ECF No. 1-1); "mileage going to and from EverGreen for repairs" and to and from Concord, North Carolina for repairs (Id. ¶¶ 21, 54, ECF No. 1-1); and expenses occurred while stranded at a campground in Myrtle Beach, South Carolina, including engaging a repair team (Id. ¶ 20, ECF No. 1-1). The court finds that Lippert has established its burden of showing that the Godawas have a claim exceeding the amount in controversy threshold under the MMWA. Based on the foregoing, the court denies the Godawa's motion to remand. The court now turns to Lippert's motion to dismiss.

### B. Motion to Dismiss

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## 1. Breach of Implied Warranties

The Godawas assert two claims for breach of implied warranties against Lippert: (1) breach of the implied warranty of merchantability, in violation of S.C. Code Ann. § 36-2-314, and (2) breach of the implied warranty of fitness for a particular purpose, in violation of S.C. Code Ann. § 36-2-315. While Lippert admits that it offered an express, limited warranty to EverGreen, (Def. Mot. Dismiss 11, ECF No. 8), it contends that it disclaimed this general warranty, including the implied warranties of merchantability and fitness for a particular purpose, for any third-party beneficiaries, including "the ultimate retail purchaser of the end product," (Def. Mot. Dismiss 11-15, ECF No. 8; Id. Ex. A (Lippert Warranty), ECF No. 8-1).

Even if a buyer holds a warranty in the purchasing of a good, "an original seller is still free to disclaim warranties as to foreseeable users." Hoffman v. Daimler Trucks N. Am., LLC, 940 F. Supp. 2d 347, 365 (W.D. Va. 2013) (citing Buettner v. R.W. Martin & Sons, Inc., 47 F.3d 116, 118 (4th Cir. 1995)). Section 36-2-316(2) of the South Carolina Code provides for disclaimers of warranties, including to foreseeable users and third-party beneficiaries, stating in pertinent part that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." S.C. Code Ann. § 36-2-316(2); see also Brooks v. GAF Materials Corp., 284 F.R.D. 352, 358 (D.S.C. 2012) ("As noted in the Comments to [S.C. Code Ann. § 36-2-318], third-party beneficiaries not only receive warranty protection, but are subject to valid warranty disclaimers."), amended in part, No. 8:11-CV-00983-JMC, 2012 WL 5195982 (D.S.C. Oct. 19, 2012) (unpublished), clarified on denial of reconsideration, No. 8:11-CV-00983-JMC, 2013 WL

461468 (D.S.C. Feb. 6, 2013) (unpublished); S.C. Code Ann. § 36-2-318 ("The last sentence of this section does not mean that a seller is precluded from excluding or disclaiming a warranty which might otherwise arise in connection with the sale provided such exclusion or modification is permitted by Section 2-316.").

The court finds that Lippert has properly disclaimed any implied warranties to third-party beneficiaries under their express warranty with EverGreen. At the top of the page, in large, bolded font, and under the bolded heading "**Important!**," Lippert expressly states in its written warranty to EverGreen: "**This warranty is nontransferable and extends only to [EverGreen] . . . and shall not be construed to extend to any third party, including, but not limited to, the ultimate retail purchaser of the end product.**" (Def. Mot. Dismiss Ex. A (Lippert Warranty 1), ECF No. 8-1.) Thus, the court finds that Lippert provided a conspicuous disclaimer in writing. See S.C. Code Ann. § 36-1-201(10). Because the Godawas were the ultimate retail purchasers of the travel trailer, they are third-party beneficiaries to which Lippert expressly disclaimed its warranties. Based on the foregoing, the court dismisses both implied warranty claims alleged against Lippert.

## 2. MMWA Violation

In the third count, the Godawas assert a MMWA violation. The Godawas have alleged a violation of the MMWA based on one of two theories, either through a breach of a written warranty or through a breach of implied warranties.

In order to bring a federal MMWA claim under a theory of breach of implied warranty, a plaintiff must first establish a viable claim for that breach of implied warranty under state law. See Carlson v. Gen. Motors Corp., 883 F.2d 287, 291 (4th Cir. 1989) (noting the MMWA

"operates *in conjunction with state law* to regulate the warranting of consumer products," and that "[t]he statute itself defines an 'implied warranty' as one 'arising under State law'"). However, as previously discussed, Lippert has sufficiently disclaimed any and all implied warranties to the Godawas as a third-party beneficiary. Therefore, the court finds that this argument fails.

With respect to the express warranty argument, the Godawas must establish that Lippert provided a written warranty directly to them as consumers. However, the express, limited warranty Lippert provided to EverGreen is of no avail to the Godawas.[2] The MMWA defines a "written warranty" as an "affirmation, promise, or undertaking [that] becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product." 15 U.S.C. § 2301(6)(B). The Code of Federal Regulations offers further guidance:

> Many consumer products are covered by warranties which are neither intended for, nor enforceable by, consumers. A common example is a warranty given by a component supplier to a manufacturer of consumer products. (The manufacturer may, in turn, warrant these components to consumers.) The component supplier's warranty is generally given solely to the product manufacturer, and is neither intended to be conveyed to the consumer nor brought to the consumer's attention in connection with the sale. Such warranties are not subject to the Act, since a written warranty under section 101(6) of the Act, 15 U.S.C. [§] 2301(6), must become "part of the basis of the bargain between a supplier and a buyer for purposes other than resale."

---

[2] Although this warranty was not specifically cited or referred to as the warranty between Lippert and EverGreen, the court may consider and rely on this warranty without converting the instant motion to dismiss into a motion for summary judgment, because this warranty was attached to Lippert's motion to dismiss and is integral to the complaint. Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) ("[A court] may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic . . . .").

16 C.F.R. § 700.3(c). Because the warranty from Lippert to EverGreen was not a part of the basis of the bargain between EverGreen and the Godawas, this warranty is not subject to the MMWA. Thus, the court finds that the Godawas cannot sustain their MMWA claim against Lippert under this theory.[3] Based on the foregoing, the court dismisses this MMWA claim against Lippert.

### 3. Negligence

The fourth claim the Godawas assert against Lippert is a negligence claim for injuries caused by the defective slide mechanism. The court finds the economic loss doctrine bars the Godawas negligence claim against Lippert.

---

[3] For the first time in their response in opposition to Lippert's motion to dismiss, the Godawas have alleged that the EverGreen Recreational Vehicle Owner's Manual issued by EverGreen suffices as a written warranty from Lippert to the Godawas. (Pl. Resp. Opp'n Mot. Dismiss 5, ECF No. 13.) This owner's manual was not specifically cited in the complaint. (Am. Compl., generally, ECF No. 1-1.) However, Lippert contends, citing Trimble, 484 F.3d at 705, that if the court considers this owner's manual, the instant motion remains one for dismissal rather than summary judgment, because the complaint does reference a written warranty from EverGreen and Lippert has attached the owner's manual to its motion to dismiss. (Def. Reply Supp. Mot. Dismiss 6 n.5, ECF No. 15.)

Ultimately, this owner's manual is of no avail to the Godawas. The owner's manual merely listed items not warranted by EverGreen. (Pl. Resp. Opp'n Mot. Dismiss Ex. 1 (EverGreen Owner's Manual), ECF No. 13-1.) Under exactly the same circumstances, a district court within the Fourth Circuit rejected the plaintiff's argument that a similar owner's manual could be considered an express warranty from the component supplier to the ultimate retail purchaser. Hoffman, 940 F. Supp. 2d at 364-65; see also Milicevic v. Fletcher Jones Imports, Ltd., 402 F.3d 912, 919 (9th Cir. 2005) ("As defined in the Magnuson-Moss Warranty Act, a written warranty is a writing made by the supplier of a product relating to the nature of the material or workmanship of the product.") The court is persuaded by this precedent. Further, the court finds that the motion to dismiss should not be converted into a motion for summary judgment, because the warranty was attached to Lippert's reply in support of its motion to dismiss, such a warranty was generally referenced in the complaint, and the Godawas do not dispute its authenticity. See Trimble, 484 F.3d at 705. Therefore, dismissal of the MMWA claim remains appropriate.

Under the economic loss doctrine, "there is no tort liability for a product defect if the damage suffered by the plaintiff is only to the product itself." Sapp v. Ford Motor Co., 687 S.E.2d 47, 49 (S.C. 2009) (citing Kennedy v. Columbia Lumber & Mfg. Co., 384 S.E.2d 730, 734 (S.C. 1989)). "[T]ort liability only lies where there is damage done to other property or personal injury." Id. Moreover, "the economic loss doctrine precludes recovery in tort against the manufacturer of the component because the component is integrated into the whole product and the purchaser bargained for the whole product, not merely a component of it." Myrtle Beach Pipeline Corp. v. Emerson Elec. Co., 843 F. Supp. 1027, 1057 (D.S.C. 1993), aff'd, 46 F.3d 1125 (4th Cir. 1995). In regard to consequential damages, economic loss "has been defined as damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits–without any claim of personal injury or damage to other property, as well as the diminution in value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." Id. at 1049 (quoting Moorman Mfg. Co. v. Nat'l Tank Co., 435 N.E.2d 443, 449 (Ill. 1982)). The court finds the damage that occurred to the travel trailer itself clearly constitutes an economic loss, for which recovery is barred. Further, the other consequential damages claims, including expenses related to repairing the travel trailer and lost camping deposits, also constitute economic losses barred by this doctrine. Based on the foregoing, the court dismisses the negligence claim against Lippert.

Thus, as set forth above, the court denies the Godawas' motion to remand. Further, the court finds that the Godawas have failed to state a claim for which relief can be granted on each

of the four causes of action against Lippert, and therefore the court grants Lippert's motion to dismiss.

It is therefore

**ORDERED** that the Godawas' motion to remand, docket number 11, is denied. It is further

**ORDERED** that Lippert's motion to dismiss, docket number 8, is granted.

**IT IS SO ORDERED.**

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
June 2, 2016